UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                               Plaintiff,<br><br>v.<br><br>JOHN DOE - 75.80.166.89,<br><br>                               Defendant. | Case No.:  15-cv-2919-MMA-MDD<br><br>**ORDER DENYING MOTION FOR EARLY DISCOVERY**<br><br>**[ECF NO. 5]** |

Before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference filed on February 11, 2016.  (ECF No. 5).  No Defendant has been named or served.  For the reasons discussed below, Plaintiff's Motion is **DENIED**.

**I. PROCEDURAL HISTORY**

On December 28, 2015, Plaintiff filed a Complaint against "John Doe," allegedly a subscriber of Time Warner Cable assigned IP address 75.80.166.89 ("Defendant").  (ECF No. 1).  Plaintiff alleges direct copyright infringement against Defendant.  Plaintiff asserts that it is the registered copyright holder of 24 copyrighted works alleged to have been infringed by

1 Defendant.  Plaintiff contends Defendant used the BitTorrent file
2 distribution network to copy and distribute Plaintiff's copyrighted works
3 through the Internet without Plaintiff's permission.  (*Id.*)

4 Plaintiff seeks leave to conduct early discovery to learn the identity of
5 the subscriber of the subject Internet Protocol ("IP") address from the
6 Internet Service Provider ("ISP") who leased that IP address to its
7 subscriber during the relevant period.  Specifically, Plaintiff seeks an order
8 permitting it to serve a third party subpoena, pursuant to Fed. R. Civ. P. 45,
9 on Time Warner Cable requiring the ISP to supply the name and address of
10 its subscriber to Plaintiff.

11 **II. LEGAL STANDARD**

12 Formal discovery generally is not permitted without a court order
13 before the parties have conferred pursuant to Federal Rule of Civil
14 Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts
15 have made exceptions, permitting limited discovery to ensue after filing of
16 the complaint to permit the plaintiff to learn the identifying facts necessary
17 to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*,
18 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d
19 637, 642 (9th Cir. 1980)).  Requests for early or expedited discovery are
20 granted upon a showing by the moving party of good cause.  *See Semitool,*
21 *Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)
22 (applying "the conventional standard of good cause in evaluating Plaintiff's
23 request for expedited discovery").

24 "The Ninth Circuit has held that when the defendants' identities are
25 unknown at the time the complaint is filed, courts may grant plaintiffs
26 leave to take early discovery to determine the defendants' identities 'unless

1 it is clear that discovery would not uncover the identities, or that the
2 complaint would be dismissed on other grounds.'" *808 Holdings, LLC v.*
3 *Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB),
4 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at
5 642). "A district court's decision to grant discovery to determine
6 jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at
7 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430
8 n.24 (9th Cir. 1977)).

9 District courts apply a three-factor test when considering motions for
10 early discovery to identify Doe defendants. *Id.* at 578-80. First, "the
11 plaintiff should identify the missing party with sufficient specificity such
12 that the Court can determine that defendant is a real person or entity who
13 could be sued in federal court." *Id.* at 578. Second, the plaintiff "should
14 identify all previous steps taken to locate the elusive defendant" to ensure
15 that the plaintiff has made a good faith effort to identify and serve process
16 on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the
17 Court's satisfaction that plaintiff's suit against defendant could withstand a
18 motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further "the
19 plaintiff should file a request for discovery with the Court, along with a
20 statement of reasons justifying the specific discovery requested as well as
21 identification of a limited number of persons or entities on whom discovery
22 process might be served and for which there is a reasonable likelihood that
23 the discovery process will lead to identifying information about defendant
24 that would make service of process possible." *Id.* at 580.

25
26

## III. ANALYSIS

### A. <u>Identification of Missing Party with Sufficient Specificity</u>

Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, **and by using 'geolocation technology' to trace the IP addresses to a physical point of origin**." *808 Holdings*, 2012 WL 1648838, at *4 (emphasis added)(quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

Regarding venue, the Complaint alleges:

> Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

(ECF No. 1 ¶5).

The allegation that the IP address at issue likely resolves to a physical address in this District is not supported in any of the declarations filed in

connection with the instant motion. (ECF No. 5). In its Memorandum of Point and Authorities filed in support of this Motion, Plaintiff again asserts that it employed geolocation technology to trace the physical address of the offending IP address within this jurisdiction, and adds the name of the software employed, but again provides no evidentiary support for its assertions, referring back to the ¶5 of the Complaint. (ECF No. 5-1 at 20). As there is no evidence supporting the allegation that Defendant would be subject to this Court's jurisdiction, the instant Motion must fail.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Early Discovery is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 17, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge